[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1755

 UNITED STATES,

 Plaintiff, Appellee,

 v.

 TWENTY ONE ITEMS,
 Valued at $24,663.12, et al.,

 Defendants, Appellees,
 

 ALFONSO CARDONA ARRENDONDO,

 Claimant, Appellant.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Jaime Pieras, Jr., U.S. District Judge]

 Before

 Torruella, Chief Judge,
 Campbell, Senior Circuit Judge,
 and Lipez, Circuit Judge.

 Alfonso Cardona Arrendondo on brief pro se.
 Guillermo Gil, United States Attorney, Miguel A. Fernandez,
Chief, Civil Division, and Jacqueline D. Novas, Assistant United
States Attorney, on brief for appellee.

MARCH 4, 1999

 Per Curiam. Claimant Cardona-Arredondo appeals from
the denial of his motion to reconsider or amend the judgment to
include an award of interest. Below, the government had argued
that interest was not recoverable in this case under the
governing caselaw; but in this court the government concedes
that the relevant caselaw does not bar an award of interest.
 Instead, the government argues here that the denial
of interest should be affirmed because, (1) claimant's motion
to reconsider or amend the judgment was untimely, or (2)
claimant is estopped from demanding interest by the doctrine of
"accord and satisfaction."
 Having carefully reviewed the briefs in light of the
entire record on appeal, we reject the government's arguments. 
First, the doctrine of "accord and satisfaction" is inapposite
to the facts of this case. Second, the motion for
reconsideration or to amend the judgment was timely filed. The
ten-day time for the filing of the motion ran from entry of the
court's judgment on February 25, 1998. It did not run from 
the June 10, 1997 entry of the order dismissing the
government's claim on limitations grounds, as the government
contends. The June 10, 1997, judgment was not "final" because
it did not resolve all issues still pending between the
parties. 
 Since the government has conceded the only legal
issue raised in this appeal, and argues no supportable
alternative basis for an affirmance, the order denying an award
 -2-
of interest is vacated, and the case is remanded to the
district court for a determination of the amount of interest
owed to the claimant.
 Vacated and remanded for further proceedings
consistent with this decision.